IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRISANTO U. ACOSTA,

    Plaintiffs,

vs.                                        No. CIV. S-10-2871 FCD GGH PS

BAC HOME LOANS SERVICING, LP,

    Defendant.                     ORDER

_____/

        Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiffs have submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.
5             A complaint must contain more than a "formulaic recitation of the elements of a
6  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8  "The pleading must contain something more...than...a statement of facts that merely creates a
9  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
10 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
12 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
13 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
14 the court to draw the reasonable inference that the defendant is liable for the misconduct
15 alleged."  Id.
16            Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
17 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
18 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
19 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
20 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
21            The complaint appears to be pure boilerplate, containing no facts pertinent to
22 these plaintiffs, other than the address of the property they financed.  They do not provide the
23 date of the financing, whether the transaction was for an initial purchase or a re-finance, whether
24 it involved a residential mortgage transaction,[1] what notices defendants allegedly failed to make,

---

[1] 15 U.S.C. § 1602(w) provides: "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an

2

why alleged collection procedures were frivolous or illegal, facts supporting their claims that the lender had no legal standing to bring a collection or foreclosure claim, that the lender had no valid lien on the property, that defendant intended to defraud plaintiffs, and the contract was fraudulent.

The complaint contains, inter alia, a claim under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs seek equitable tolling; however, they provide no facts concerning the statute of limitations or why equitable tolling should apply. (Compl. at 20.)

TILA violations include the failure to provide the required disclosures pursuant to 15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632. To recover damages arising from alleged TILA violations, a plaintiff must file an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). However, in certain circumstances, equitable tolling of civil damages claims brought under TILA might be appropriate. See King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). The doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit terms so that the consumer will be able to ... avoid the uninformed use of credit." Id. (quoting 15 U.S.C. § 1601(a)).

12 U.S.C. § 2605(e)(1) requires the servicer to provide information relating to the servicing of the loan upon a qualified written request by the borrower. Plaintiffs have not provided any facts indicating that plaintiffs made a qualified written request to BAC Home Loans Servicing, and that BAC failed to provide information relating to the servicing of the loan.

---

installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Accord, 12 C.F.R. § 226.2(a)(24).

1  "'Naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient. Ashcroft v.
2  Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic
3  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

4        The boilerplate allegations are conclusory in nature with no factual support. For
5  example, plaintiffs allege under their claim of "criminal conspiracy and theft":

> Defendants, by and through Defendant's Agents, conspired with other Defendants, et al, toward a criminal conspiracy to defraud Petitioner. Said conspiracy but [sic] are not limited to acts of negligence, breach of fiduciary duty, common law fraud, fraud by non-disclosure, and tortuous acts of conspiracy and theft, to include but not limited to, the assessment of improper fees to Petitioner by Lender, which were then used to fund the improper payment of commission fees to Agent in order to induce Agent to violate Agent's fiduciary duty to Petitioner.

11  (Compl. at 13.) These allegations inform the court of nothing related to plaintiffs' experience
12  with defendant or the alleged violations as they pertain to plaintiffs.

13        Further, although plaintiffs recite fees allegedly charged them at settlement, they
14  claim only that defendant failed to provide documentation to show the fees were proper. They
15  state that they are "unable to determine whether or not the above fees are valid in accordance
16  with the restrictions provided by the various consumer protection laws." (Compl. at 16-17.)
17  Elsewhere, plaintiffs make the strong accusation that the fees were false. Plaintiffs are informed
18  that such allegations are serious and that representations to the court must be made and certified
19  to the best of the plaintiffs' "knowledge, information, and belief, formed after an inquiry
20  reasonable under the circumstances" that the claims are warranted by existing law or
21  nonfrivolous argument to modify the law and that the factual contentions have or will likely have
22  evidentiary support after further investigation. Fed. R. Civ. P. 11.

23        In sum, the court finds the allegations in plaintiff's complaint so vague and
24  conclusory that it is unable to determine whether the current action is frivolous or fails to state a
25  claim for relief. The court has determined that the complaint does not contain a short and plain
26  statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible

pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs' claim.  Id.  Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

If plaintiffs can allege a claim that is not time barred, consonant with their obligations under Federal Rule of Civil Procedure 11, then they may file an amended complaint. If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiffs must demonstrate how the conduct complained of has resulted in a deprivation of plaintiffs' federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Finally, plaintiffs are advised that argument is not necessary or desired in a complaint.  The complaint should contain facts which lead to the ultimate conclusion that a specific law has been violated, by whom, and when.

Plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

/////

/////

/////

IT IS ORDERED that:

IT IS ORDERED that:

1. Plaintiffs' request for leave to proceed in forma pauperis is granted.

2. Plaintiffs' complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: January 18, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076/Acosta2871.amd.wpd